1

2

3

4

5

6

7

8

THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

WASHINGTON STATE MEDICAL
ASSOCIATION; WASHINGTON STATE
NURSES ASSOCIATION; WASHINGTON
CHAPTER OF THE AMERICAN ACADEMY
OF PEDIATRICS; ACADEMYHEALTH;
ASSOCIATION OF NURSES IN AIDS CARE;
FAST-TRACK CITIES INSTITUTE;
INTERNATIONAL ASSOCIATION OF
PROVIDERS OF AIDS CARE; NATIONAL
LGBT CANCER NETWORK; VERMONT
MEDICAL SOCIETY,

*Plaintiffs*,

v.

ROBERT F. KENNEDY, JR., in his official
capacity as Secretary of Health and Human
Services; DEPARTMENT OF HEALTH AND
HUMAN SERVICES; MATTHEW BUZZELLI,
in his official capacity as Acting Director of the
Centers for Disease Control and Prevention;
CENTERS FOR DISEASE CONTROL AND
PREVENTION; JAY BHATTACHARYA, in his
official capacity as Director of the National
Institutes of Health; NATIONAL INSTITUTES
OF HEALTH; MARTIN A. MAKARY, in his
official capacity as Commissioner of Food and
Drugs; FOOD AND DRUG
ADMINISTRATION; THOMAS J. ENGELS, in
his official capacity as Administrator of the
Health Resources and Services Administration;

Case No. 2:25-cv-00955-LK

**JOINT STATUS REPORT
REGARDING BRIEFING
SCHEDULE FOR DISPOSITIVE
MOTIONS**

JOINT STATUS REPORT
(No. 2:25-cv-00955-LK)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1
2
3
4
5

HEALTH RESOURCES AND SERVICES
ADMINISTRATION; CHARLES EZELL, in his
official capacity as Acting Director of the Office
of Personnel Management; OFFICE OF
PERSONNEL MANAGEMENT,

*Defendants*.

6    The Court has ordered the parties to file a joint status report proposing a briefing schedule

7    for forthcoming dispositive motions. Having conferred, the parties were unable to reach agreement

8    and detail their separate positions below.[1]

9                                            **PLAINTIFFS' POSITION**

10    As requested by the Court, Plaintiffs propose the following deadlines:

11
12
13
14
15
16
17

| | |
|---|---|
| Deadline for Defendants to file administrative record | **July 21, 2025** |
| Deadline for Defendants to file dispositive motion (8,400 words) | |
| Deadline for Plaintiffs to file response/cross-dispositive motion (14,000 words) | **August 11, 2025** |
| Deadline for Defendants to file response/reply (8,750 words) | **September 3, 2025** |
| Deadline for Plaintiffs to file reply (4,200 words) | **September 10, 2025** |

18    Below, Defendants rehash an argument the Court has already considered—and rejected. In

19    Plaintiffs' email to chambers, counsel noted Defendants' "plan to file a Rule 12(b) motion to

20    dismiss the entire case, which in [their] view should *precede* any summary judgment proceedings."

21    In response, the Court brushed aside that suggestion and asked the parties to propose deadlines for

22    cross-dispositive motions. Defendants' submission nevertheless repeats their previously rejected

23    suggestion of duplicative briefing, now with an extended schedule lasting until the end of the

24    year—a proposal this is neither responsive to the Court's request for a schedule on cross-

25

26    [1] Pursuant to the Court's order of June 5, 2025, the parties will file an additional joint status report and discovery plan by July 31. *See* Dkt. 10.

JOINT STATUS REPORT – 2
(No. 2:25-cv-00955-LK)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   dispositive motions nor in the interest of judicial economy. Worse, Defendants' prolonged

2   schedule would almost certainly require Plaintiffs, in turn, to move for a preliminary injunction—

3   all resulting in overlapping, unnecessary briefing.

4          Plaintiffs' proposed schedule, by contrast, actually responds to the Court's request, reflects

5   Defendants' preexisting obligations, and streamlines this proceeding.

6          *First*, Plaintiffs propose that Defendants file their dispositive motion—whether styled as a

7   motion to dismiss, motion for summary judgment, or some combination of both—by July 21,

8   which, Defendants acknowledge, is their deadline for a responsive pleading under Federal Rule of

9   Civil Procedure 12. Contrary to Defendants' submission below, this is *also* the deadline for

10  Defendants to file the administrative record under Local Rules W.D. Wash. LCR 79(h), which

11  provides that, "in any action seeking review of a final decision of an administrative agency, the

12  record of the agency proceeding shall be filed . . . with the answer *or return* when the

13  administrative agency is the defendant or respondent." (Emphasis added). Rule 12 and its

14  accompanying advisory committee notes confirm that a "return" is measured from the time of

15  service and is best understood as applying to *any* form of responsive pleading—Rule 12 motions

16  as well as answers. *See* Fed. R. Civ. P. 12 advisory committee's note to 1993 amendment ("The

17  date of sending the request . . . . is used to measure the return day for the waiver form . . . [and] is

18  also a useful date to measure the time for answer when service is waived."). Consistent with the

19  plain language of LCR 79(h), agency defendants in this Court regularly file administrative records

20  concurrent with their Rule 12 motions (or, in some cases, with their combined motions under

21  Rules 12 and 56).[2]

22

23      [2] *See, e.g., King County v. Azar*, No. C18-0242-JCC (W.D. Wash. Apr. 17, 2018), Dkts.
    26, 29 (administrative record and Rule 12/56 cross-motion filed on same day); *Washington v.*
24  *Trump*, No. 2:17-cv-01510-RBL (W.D. Wash. Dec. 11, 2017), Dkts. 14–15 (administrative record
    and Rule 12/56 motion filed on same day); *Lane v. Stackley*, No. 17-5378 RJB (W.D. Wash. July
25  21, 2017), Dkts. 14–15 (administrative record and Rule 12 motion filed on same day); *Frank's*
    *Landing Indian Cmty. v. Nat'l Indian Gaming Comm'n*, No. C15-5828BHS (W.D. Wash. May 12,
26  2016), Dkts. 19–20 (same).

JOINT STATUS REPORT – 3
(No. 2:25-cv-00955-LK)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    In short, given that Rule 12 and LCR 79(h) require that Defendants' responsive pleading

2    *and* administrative record be filed on July 21 in any event, Plaintiffs' proposal above is not merely

3    reasonable, but mandated.[3]

4    *Second*, Plaintiffs' proposed schedule is the most efficient for both the parties and the

5    Court. Whatever threshold dispositive arguments Defendants plan to make in their Rule 12 motion

6    can be asserted in their initial filing as proposed by Plaintiffs; indeed, the cases in note 2 above

7    illustrate that agency defendants often file combined motions under Rules 12 and 56 along with

8    administrative records. Defendants' intended arguments would be equally meritorious regardless

9    of how they are styled, and Plaintiffs' proposal ensures a streamlined schedule for briefing and

10    resolving those arguments and the case as a whole. By contrast, Defendants' proposal would have

11    the Court first adjudicate a Rule 12 motion and only then proceed to cross-dispositive motions—

12    an additional round of briefing that might be expanded further if their proposed delays require

13    Plaintiffs to seek preliminary relief.

14    Put another way: Plaintiffs' proposal gives Defendants the same opportunity to make their

15    threshold arguments while eliminating the possibility of duplicative, seriatim briefing. Efficiency

16    therefore urges that Plaintiffs' schedule be adopted.

17    ## DEFENDANTS' POSITION

18    Though Plaintiffs would begrudge Defendants this opportunity to present their views about

19    case scheduling, this Court should not. Defendants are not rehashing old arguments; they never

20    presented them to the Court previously. The email from Plaintiffs' counsel to the courtroom deputy

21

22    ---

    [3] Defendants' suggestion that production of the administrative record would be a resource-intensive effort is belied by the administrative record filed in a case involving similar claims, facts, and defendants in the U.S. District Court for the District of Columbia—which totaled only eighty pages. *See Drs. for Am. v. OPM*, No. 25-322 (JDB) (D.D.C. Mar. 7, 2025), Dkt. 36; *see also* Compl. for Declaratory & Injunctive Relief ¶ 9 n.2, Dkt. 1 (describing *Doctors for America* litigation). Incidentally, in that case, the court ordered the defendants to file the administrative record before their own dispositive motion and well before their deadline for a responsive pleading (let alone an answer). *See Drs. for Am. v. OPM*, No. 25-322 (JDB) (D.D.C. Mar. 7, 2025), Dkt. 26.

JOINT STATUS REPORT – 4
(No. 2:25-cv-00955-LK)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  was sent without advance notice to Defendants, much less an opportunity for Defendants to review.

2  This filing is the first chance for Defendants to advocate their position about scheduling.

3  In accordance with Federal Rule of Civil Procedure 12(a)(3)-(4), on July 21, 2025,

4  Defendants intend to move to dismiss the complaint in its entirety under Rule 12(b)(1) for lack of

5  subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Defendants propose that

6  Plaintiffs' opposition to the forthcoming motion to dismiss be due on August 18, 2025, and that

7  Defendants' reply brief be due on September 9, 2025.

8  No basis exists here to depart from the usual sequence of litigation and deny Defendants

9  the opportunity, at the outset of the case, to challenge the adequacy of the complaint through a

10  standalone Rule 12(b) motion. Contrary to Plaintiffs' suggestion, that *is* the normal, efficient

11  process for testing Administrative Procedure Act claims. *See, e.g.*, *Canyon Park Bus. Owners'*

12  *Ass'n v. Buttigieg*, No. C21-1694 TSZ, 2022 WL 2317059 (W.D. Wash. June 28, 2022) (granting

13  government's motion to dismiss under Rule 12(b)(1)); *Kaszycki v. United States*, No. C19-1943

14  RSM, 2020 WL 2838598 (W.D. Wash. June 1, 2020) (granting government's motion to dismiss

15  under Rule 12(b)(1) and (b)(6)). Furthermore, this case does not fall within the narrow set entitled

16  to priority treatment. *See* 28 U.S.C. § 1657(a). And Plaintiffs cannot skip to the head of the line

17  just by gesturing at a preliminary injunction—a seemingly hollow threat given the many months

18  since the challenged conduct occurred. Thus, given the Court's obligations to assure itself of

19  jurisdiction and to weed out legally deficient claims, it should first resolve Defendants' threshold

20  challenges before requiring production of an administrative record and receiving full merits

21  briefing. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)

22  ("[A] federal court generally may not rule on the merits of a case without first determining that it

23  has jurisdiction.").

24  The forthcoming motion to dismiss will stay Defendants' deadline to file an answer to the

25  complaint, unless and until the Court denies the motion. *See* Fed. R. Civ. P. 12(a)(4)(A). And under

26

JOINT STATUS REPORT – 5
(No. 2:25-cv-00955-LK)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Local Civil Rule 79(h), Defendants are not required to produce an administrative record before the

2  answer is due.

3      In arguing that Local Civil Rule 79(h) requires the production of the administrative record

4  "with Rule 12 motions as well as answers," Plaintiffs wholly misconstrue the rule's reference to

5  "the answer or return." A "return" is the response filed by the government to a petition for a writ

6  of habeas corpus. *See* 28 U.S.C. § 2243 ("The person to whom the writ or order is directed shall

7  make a return certifying the true cause of the detention."); Return of Writ, Black's Law Dictionary

8  (12th ed. 2024) ("The sheriff's bringing back a writ to the court that issued it, with a short written

9  account (usu[ally] on the back) of the manner in which the writ was executed. — Often shortened

10  to return."). The response is accompanied by the relevant records of conviction and sentencing—

11  *i.e.*, the administrative record. *See* Rule 5(c) of the Rules Governing Section 2254 Cases. Although

12  Rule 5 of the Rules Governing Section 2254 Cases calls this as an "answer," the 1976 advisory

13  committee notes recognize "[t]his is a change in terminology from 'return,' which is still used

14  below when referring to prior practice." Indeed, courts have long referred to a return as

15  synonymous with an answer. *See, e.g.*, *Daniels v. Allen*, 344 U.S. 443, 506 n.17 (1953) ("the

16  answer or return to the writ"); *McCullough v. Cosgrave*, 309 U.S. 634, 634 (1940) ("the return to

17  the order to show cause is treated as an answer to the petition"); *Navarette v. Caternolo*, No. C24-

18  0541-BHS-SKV, 2024 WL 4644993, at *1 (W.D. Wash. Oct. 15, 2024) (government "submitted

19  an Answer and Return to the petition" for habeas corpus). Thus, contrary to Plaintiffs' position,

20  Local Civil Rule 79(h) does *not* apply when the government solely files a Rule 12(b) motion, as it

21  intends to do in this case.

22      If the Court denies Defendants' motion to dismiss, Defendants propose that further

23  proceedings occur as follows:

| Defendants to file administrative record | 30 days after denial of Defendants' motion to dismiss |
|---|---|

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | |
|---|---|
| Plaintiffs to file motion for summary judgment | + 30 days |
| Defendants to file response/cross-motion for summary judgment | + 30 days |
| Plaintiffs to file reply/response to cross-motion | + 21 days |
| Defendants to file reply | + 21 days |

Finally, if Defendants are not permitted to first challenge the complaint through a motion to dismiss, Plaintiffs' proposed record production date of July 21, 2025 is not feasible. Rather, given agency resource constraints and competing commitments, Defendants request until August 15, 2025 to produce the administrative record. Following that, Plaintiffs' motion for summary judgment would be due on September 12, 2025; Defendants' opposition and cross-motion for summary judgment on October 10, 2025; Plaintiffs' reply and opposition on November 7, 2025; and Defendants' reply on December 5, 2025.

JOINT STATUS REPORT – 7
(No. 2:25-cv-00955-LK)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Dated: July 7, 2025

By:   *s/ Kevin J. Hamilton*
      Kevin J. Hamilton, WSBA No. 15648
2     Heath L. Hyatt, WSBA No. 54141
3     Jonathan P. Hawley, WSBA No. 56297
      Raul P. Quintana, WSBA No. 62859
4     **PERKINS COIE LLP**
      1301 Second Avenue, Suite 4200
5     Seattle, Washington 98101
      Telephone: (206) 359-8000
6     Facsimile: (206) 359-9000
      KHamilton@perkinscoie.com
7     HHyatt@perkinscoie.com
      JHawley@perkinscoie.com
8     RQuintana@perkinscoie.com

9
      Mikael I. Floyd*
10    **PERKINS COIE LLP**
      700 Thirteenth Street NW, Suite 800
11    Washington, D.C. 20005
      Telephone: (202) 654-6200
12    Facsimile: (202) 654-6211
      MFloyd@perkinscoie.com
13
      *Counsel for Plaintiffs*
14
      **Admitted pro hac vice*
15

16    */s/ James W. Harlow*
      JAMES W. HARLOW
17    Acting Assistant Director
      Consumer Protection Branch
18    U.S. Department of Justice
      P.O. Box 386
19    Washington, DC 20044-0386
      (202) 514-6786
20    (202) 514-8742 (fax)
      James.W.Harlow@usdoj.gov
21
      *Counsel for Defendants*
22

23

24

25

26

JOINT STATUS REPORT – 8
(No. 2:25-cv-00955-LK)